# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 23-CR-20032** |
| | ) | |
| PHILIP JEROME BUYNO, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Presently before the court is Defendant Philip Jerome Buyno's Petition to Enter Plea of Nolo Contendere (#17), filed July 25, 2023.  The government filed its Response (#19) on August 9, 2023.  For the reasons set forth below, Defendant's Petition (#17) is DENIED.

Defendant has been charged, by Indictment (#9), with one count of attempted arson, in violation of 18 U.S.C. § 844(i).  Specifically, Defendant is charged with attempting to burn down a building.

Federal Rule of Criminal Procedure 11(a)(1) provides that a defendant may plead nolo contendere "with the court's consent[.]"  Rule 11(a)(3) further elaborates: "Before accepting a plea of nolo contendere, the court must consider the parties' views and the public interest in the effective administration of justice."

Defendant does not deny the charged conduct or the underlying factual allegations.  In his Motion, he indicates that his motivation for seeking to enter a plea of nolo contendere "has to do with his religious beliefs as those beliefs are completely opposed to the expected purpose and use of the building" that he attempted to burn down.

In its Response, the government indicates that it opposes Defendant's request.

"[I]n practice pleas of nolo contendere are rarely accepted by courts without the approval of the Government[.]"  *Commonwealth Edison Company et al. v. Allis-Chalmers Manufacturing Company et al.*, 323 F.2d 412, 415 (7th Cir. 1963); see also *United States v. David E. Thompson, Inc.*, 621 F.2d 1147, 1150 (1st Cir. 1980) ("We know of no case in which an appeals court reversed a district court's refusal to accept a plea of nolo not supported by the prosecution.").

Other factors this court may consider include (1) any mitigating circumstances; (2) the culpability of the defendant relative to codefendants; (3) the deterrent effect of a nolo contendere as compared to a guilty plea; and (4) the pragmatic considerations of avoiding the expense and time of trial.  *United States v. Bolinger*, 2013 WL 4736234, at *2 (S.D. Ind. Sept. 3, 2013).

Here, the court does not find that there are any mitigating circumstances that warrant the entry of a plea of nolo contendere.  Defendant indicates in his Petition, perhaps as mitigation, that he "has accepted responsibility and admitted his involvement in the charged conduct during his post-arrest interview" in that "[f]ollowing his arrest, he provided an honest and detailed account of what he did, how

he prepared for it, what he had intended to do, and how his plan to burn down the building failed."  But in accepting responsibility, in detail, during his post-arrest interview with law enforcement, Defendant likewise apparently stated that if he were released from custody he would attempt to "finish the job" (i.e., complete the arson) the next day.  See Complaint (#1) at ¶ 14.  Defendant's statements in the post-arrest interview, even if construed *in part* as acceptance of responsibility, cannot be considered mitigating circumstances when taken as a whole.

To the extent that Defendant's stated motivation for seeking a nolo contendere plea is his religious belief in opposition to the intended purpose of the building, that likewise is not a mitigating circumstance.  Regardless of the sincerity of his religious beliefs, Defendant continues to admit to the conduct charged in this case and does not deny those factual allegations.  Therefore, there is apparently no religious belief that prevents him from entering a guilty plea, as compared to a plea of nolo contendere.  See *United States v. Farrar*, 876 F.3d 702, 707 (5th Cir. 2017), quoting *United States v. Prince*, 533 F.2d 205, 208 (5th Cir. 1976) ("'Rule 11 does not require that the district court find a factual basis for a plea of nolo contendere, as opposed to a plea of guilty.'  Rule 11(a)(3) states that, '[b]efore accepting a plea of nolo contendere, the court must consider the parties' views and the public interest in the effective administration of justice.'  By contrast, for a guilty plea, Rule 11(b)(3) requires the court 'determine that there is a factual basis for the plea.'" (cleaned up)).

3

Rather, Defendant appears to be seeking to avoid the deterrent effects of a guilty plea.  The court agrees that "[t]he public does not attach the same stigma to nolo contendere pleas as it does to pleas of guilty or convictions after pleas of not guilty." *United States v. American Bakeries Company*, 284 F. Supp. 864, 868 (W.D. Mich. 1968) (likewise rejecting a nolo contendere plea as a "face-saving device" (on reconsideration, 284 F. Supp. 871 (W.D. Mich. 1968))).  If the court were to accept a plea of nolo contendere in this case, it would signal to the public that Defendant's crime was somehow less serious and less deserving of prosecution, thereby reducing the general deterrent effect of a conviction.

On a similar note, when considering the public interest, as the court must under Rule 11(a)(3), the government indicates in its Response that the victims of Defendant's attempted arson oppose a plea of nolo contendere.  This factor likewise weighs against acceptance of a nolo contendere plea.  See *Thompson*, 621 F.2d at 1150 (finding it would be "almost inconceivable that the district court could have found acceptance of the nolo plea to be in the public interest" when it would deprive victims of certain rights).

And, as previously referenced, the court is concerned about a deterrent effect on Defendant personally, as he is documented to have told law enforcement that he would attempt to complete the arson if/when released from custody.

In this case, the court cannot consider the culpability of Defendant relative to codefendants because there are no codefendants charged in this matter.

Finally, as to the pragmatic considerations of avoiding the expense and time of trial, the government represents that a trial in this matter will take two days or less, which is not, relatively speaking, expensive or time-consuming.  The court agrees that this factor does not weigh strongly—much less decisively—in favor of acceptance of a nolo contendere plea in this matter.

Therefore, upon consideration of all the factors, including both the parties' positions and the public interest, the court finds that Defendant's Petition to Enter Plea of Nolo Contendere (#17) must be DENIED.

IT IS THEREFORE ORDERED THAT:

(1)     The Petition to Enter Plea of Nolo Contendere (#17) is DENIED.

(2)     This case remains set for a status conference on October 2, 2023, at 10:15 a.m. by video before the undersigned, and jury trial to begin on October 24, 2023, at 9:00 a.m. in Courtroom A in Urbana, also before the undersigned.

ENTERED this 30th day of August, 2023.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE